## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

CESAR R. CORDOBA-TORRES      §
     §
VS.      §         **CIVIL NO. 4:22CV405**
     §     **CRIMINAL NO. 4:17CR12(10)**
UNITED STATES OF AMERICA      §

### MEMORANDUM ORDER

Movant Cesar Roberto Cordoba-Torres, proceeding *pro se*, filed the above-styled and numbered Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  On April 24, 2023, Movant filed "Motion to Withdraw 28 U.S.C. § 2255 (Doc.711)" (Dkt. #6).  The Court construes his motion as a notice of voluntary dismissal.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a) that provides, in pertinent part, the movant "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (party has absolute right to dismiss his legal action under Rule 41(a) prior to the filing of an answer or motion for summary judgment).  "Unless the notice … states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B).  "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015) (per curiam).  Thus, once a movant has moved to dismiss under Rule 41(a)(1)(A)(i), "the case [i]s effectively terminated," and "[t]he court has no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home*

*Depot U.S.A., Inc.,* 814 F.3d 287, 291 (5th Cir. 2016) (citing *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976)).

In the  present  case, no answer or motion for summary judgment has been filed; thus, Movant is entitled to the voluntary dismissal of the case without prejudice.   Movant's case was dismissed the moment the notice  was filed with the Clerk.  Moreover,  after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In  re Amerijet Int'l, Inc.,* 785 F.3d at 973.

Accordingly, it is **ORDERED** that Movant's construed notice of dismissal (Dkt. #6) is self-effectuating and terminates the case in and of itself, and the  case is **DISMISSED** without prejudice pursuant to  FED. R. CIV. P. 41(a)(1)(A)(i).

**IT IS SO ORDERED.**

**SIGNED this 25th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE